ENGRAM *et al v.* FAIRCLOTH.

CANDLER, Justice. T. C. Engram and Homer Lockett as citizens and tax-payers of Randolph County, Georgia, presented to the judge of the superior court an application for leave to file an information in the nature of a quo warranto to inquire into the right of T. E. Faircloth to hold the office and discharge the duties of sheriff in that county. They alleged that the respondent was ineligible to hold the office in question because he had not resided in Randolph County for a period of two years next before his election; nor for two years next before his induction into office. In a properly verified response these allegations were positively denied. By consent of the parties all issues involved in the case, both of law and fact, were submitted to the court for determination without the intervention of a jury. The trial judge, after hearing the evidence, found in favor of the respondent and accordingly entered a final judgment. The relators excepted. *Held:*

1. As to a person sui juris, the matter of making a change in domicile or legal residence is one involving the exercise of volition and choice. Code, § 79-406; *Stanfield* v. *Hursey,* 36 *Ga. App.* 394 (136 S. E. 826); *Bellamy* v. *Bellamy,* 187 *Ga.* 804, 805 (2 S. E. 2d, 413). And there is no merit in the contention here made that one in the military service has no right to change his legal residence. It is as competent for a soldier to abandon his domicile or residence and acquire a new one as it is for any other citizen to do so. 27 C. J. S. § 76, p. 648; 19 C. J. § 39, p. 418; *Dicks* v. *Dicks,* 177 *Ga.* 379, 383 (170 S. E. 245); Ex parte White, 228 Fed. 88; Remey *v.* Burlington Board of Education, 80 Iowa 470 (45 N. W. 899); Williams *v.* Saunders, 5 Coldw. (Tenn.) 60; Trigg *v.* Trigg, 226 Mo. App. 284 (41 S. W. 2d, 583). In the *Dicks* case, supra, this court said: "The Constitution, above quoted [Constitution of the United States, art. 1, sec. 8, par. 17], properly construed, does not altogether deny a soldier in our army of the right enjoyed by others of changing his domicile from one State to another State because he is stationed on a government reservation. He should not unnecessarily be thus discriminated against, and limited in matters not connected with his status as a soldier."

2. Where, as in this case, the trial judge is by consent of the parties made the trior of an issue of fact, his finding upon the question submitted will not be disturbed if there is any evidence to support it. *Cunningham* v. *Schley,* 41 *Ga.* 426; *Carter* v. *State,* 56 *Ga.* 463; *Freidenburg & Company* v. *Jones,* 63 *Ga.* 612. And in such cases where there is conflicting evidence that view of it which is most favorable to the prevailing party must be taken. *City of McRae* v. *Folsom,* 191 *Ga.* 272, 276 (11 S. E. 2d, 900).

3. The court was authorized to find from the evidence that the respondent had been a resident of Randolph County continuously for more than two years prior to his election to the office in question. Concerning this the respondent testified: "About January 1, 1943, I broke up house-keeping in Albany, intending to make my father's home in Randolph County, Georgia, my home, and I moved all of my personal belongings

at that time to my father's home at Shellman, Randolph County, Georgia, and have continuously since then been a resident of Randolph County, Georgia." It also appears from the evidence, without dispute, that the respondent, while serving with the armed forces of the United States, cast an absentee ballot in Randolph County in the Democratic primary election of 1946.

4. Nor is the contention that respondent was not a qualified voter of Randolph County, Georgia, meritorious. It appears from the record, without dispute, that he registered as a voter in Dougherty County, Georgia, while a resident of that county; that his name was afterwards placed on the list of registered voters in Randolph County in 1946 by the board of registrars; and in the absence, as here, of any showing to the contrary it will be presumed that his registration as a voter was transferred from the former county to the latter under the provisions of the Code, '§ 34-804.          *Judgment affirmed. All the Justices concur.*

No. 16716.  JULY 13, 1949.

*R. R. Jones,* for plaintiffs.

*Leonard Farkas & Walter H. Burt* and *Edward McDonald,* for defendants.