31530. EDWARDS v. HOWE RICHARDSON SCALE COMPANY.

JORDAN, Justice.
Appellant David E. Edwards appeals the grant of an interlocutory injunction enjoining him from activities

which were held to constitute a breach of a covenant not to compete contained in an employment contract with appellee.

Appellee (Howe) is in the business of selling and providing installation and maintenance for weighing devices. When appellant (Edwards) was employed by Howe he signed an agreement which provided that, for a period of one year after the termination of his employment, he would not "engage in the business of selling, buying, dealing in, repairing, servicing or performing maintenance upon, installing or removing scales or weighing devices, or in any similar business which is competitive with the business of the Company [Howe] at the date [his] employment is terminated." The agreement was a form agreement, drawn with alternative provisions, as to the territory within which the prohibitions applied, based upon the position held by the employee.

Edwards enumerates two errors in the holding of the court below. It is alleged that there is insufficient evidence to support the finding of the trial court that Edwards was employed by Howe as a "resident service mechanic." The trial court acknowledged that the evidence was conflicting on this issue and its finding cannot be disturbed if there is any evidence to support it. The record reveals that Howe's Regional Sales Manager who hired Edwards testified that Edwards was hired as a resident service man. Also, Howe's records indicated that Edwards was a resident service man. The lower court's finding as to this fact is therefore supported by the evidence.

Edwards' remaining enumeration of error is that the noncompetition contract is unenforceable because it is too vague and is overly broad as to the territory to which it applies and the activities which it seeks to prohibit.

We find no merit in the contention that the contract is so vague as to be unenforceable. It is maintained that the contract is too vague to be enforced because of the alternative provisions of the contract with regard to job title and applicable territory. We think the lower court foreclosed this contention when it found that Edwards

was employed as a resident service mechanic. The contract provided that, as to resident service mechanics, it applied only to the territory within a radius of 50 miles from the employee's place of business on the date his employment is terminated. The description of the territorial restrictions applicable to resident service mechanics was clear and unambiguous.

Employment contracts, such as the one here, containing covenants not to compete, although in partial restraint of trade, have nevertheless been enforced when they are "strictly limited in time and territorial effect and [are] otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284, 285 (227 SE2d 251) (1976); *Purcell v. Joyner,* 231 Ga. 85, 86 (200 SE2d 363) (1973); *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735) (1898). The reasonableness of the restraints is a question of law to be determined by the court. *Orkin Exterminating Co. v. Pelfrey,* supra.

On the date Edwards terminated his employment, his place of business was Albany, Georgia. From the record, it is clear that the business, in which Howe is engaged, is highly competitive in nature. During his employment with Howe, Edwards was responsible for servicing numerous customers within a 50-mile radius of Albany. The record shows that Edwards was sent to a school to sharpen his skills and that when he left Howe, he took with him information such as identities of present and potential customers, and details of bids entered for maintenance contracts. Such information would be valuable to a competitor. Although Howe has not shown that it is doing business everywhere within a fifty mile radius of Albany, Georgia, we think it has shown substantial contacts in the territory generally, and that, under the circumstances of this case, the restraint imposed is reasonably required to protect the interests of the employer. See *McMurray v. Bateman,* 221 Ga. 240 (4) (144 SE2d 345) (1965); *Orkin Exterminating Co. v. Mills,* 218 Ga. 340 (127 SE2d 796) (1962). There is no merit in the claim that the territorial provision is too broad.

Finally, Edwards maintains that the contract is

overly broad as to the conduct prohibited because it excludes him from buying or selling scales or weighing devices. It is undisputed that, while in Howe's employ, Edwards did not buy or sell such equipment, though he did sell parts for such equipment. The same skills and experience which are valuable in a scale mechanic would likewise be valuable in a salesman. Also, the customers whose maintenance needs were serviced by Edwards, while working for Howe, would necessarily be potential customers for sales of scales. This is a far cry from the case where an employee is prohibited from working for a competitor in any capacity. See *Federated Mutual Ins. Co. v. Whitaker,* 232 Ga. 811 (209 SE2d 161) (1974). This contention is without merit.

We find no error in the grant of the interlocutory injunction, and the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED
OCTOBER 26, 1976.

*Hatcher, Cook & Strickland, Oscar T. Cook, Jr.,* for appellant.

*Divine, Wilkin, Deriso & Raulerson, Walter M. Deriso,* for appellee.