## 34265. BARRY et al. v. STANCO COMMUNICATIONS PRODUCTS, INC.

BOWLES, Justice.

This appeal is from an order of DeKalb Superior Court enjoining appellants from soliciting, selling, distributing, servicing or installing closed circuit television systems in any county of the State of Georgia, pursuant to the restrictions contained in an employment contract.

In May, 1977, the appellants H. B. Barry, Jr. and Irving Chess entered into an employment contract with Stanco Communications Products, Inc. under which they were given the right to solicit customers for Stanco in every county of Georgia. The contract contained a covenant not to compete, whereby Barry and Chess

agreed that for a period of two years immediately following the termination of their employment, they would not call upon or divert any customers of Stanco in any county of Georgia, for the purpose of soliciting or selling products similar to products sold, distributed or installed by Stanco. Appellants further agreed not to engage in the business of selling, distributing or servicing communications or electronic equipment similar to that handled or distributed by Stanco at the time of termination, nor to compete with Stanco in any manner for a two-year period in the counties covered by the employment contract.

Shortly after appellants entered into this agreement, they began considering setting up their own company which would compete with Stanco. Appellants terminated their employment with Stanco on or about September 15, 1977. On September 20, 1977, they and a third party incorporated under the name of General Electronics Marketing, Inc. Through this corporation, appellants solicited for, sold and installed the same type of closed circuit television and electronic equipment as that sold and installed by Stanco in the State of Georgia.

Stanco filed suit to enjoin appellants under the terms contained in the written contract. The trial court, after hearing evidence, found that the agreement of July 25, 1977, was freely and knowingly entered into by all parties; that the terms of the contract were clear and unambiguous; that during appellants' employment with Stanco, they solicited business in the closed circuit television field on behalf of Stanco throughout the entire State of Georgia, including all counties therein; and that since the termination of their employment with Stanco, appellants have been in violation of the covenant not to compete in that they continue to engage in the solicitation, sale and installation of the same type of closed circuit television and electronic equipment as that sold and installed by Stanco, in the State of Georgia.

The court ruled that the time limitation contained in the covenant not to compete was reasonable; that the territorial restriction set forth therein was reasonable in view of the facts and circumstances of the case and were reasonably necessary to protect appellee's interest; and

that the activities restricted were clearly defined and not unnecessarily broad. Appellants were enjoined from soliciting, selling, distributing, servicing or installing closed circuit television systems in the State of Georgia. Appellants brought this appeal. We affirm.

1. Appellants complain that it was error to find as a matter of fact that appellants, while employees of Stanco, solicited business in all of the southeastern states, and the entire State of Georgia, including all counties therein.

This finding by the court, sitting without a jury, was supported by the deposition of H. B. Barry, Jr., wherein Barry testified that he and Chess had the right to and did solicit business for Stanco throughout the State of Georgia. On appeal the evidence is to be construed so as to uphold rather than overturn the judgment of the trial court. *Engram v. Faircloth,* 205 Ga. 577(2) (54 SE2d 298) (1949). Where, as here, the finding of the court is supported by undisputed evidence, it will be upheld.

2. Appellants complain that it was error for the court to find, as a matter of fact, that appellants, since the termination of their employment by appellee, are engaging in the same type of business as appellee in all the southeastern states, including all of the State of Georgia. This finding is supported by the evidence and will not be disturbed.

3. Appellants complain that it was error for the court to hold, as a matter of law, that the territorial restriction of the contract was reasonable on its face and reasonably necessary to protect the interests of appellee.

The reasonableness of territory depends, not so much on the geographical size of the territory, as on the reasonableness of the territorial restriction in view of the facts and circumstances surrounding the case. *Thomas v. Coastal Industrial Services,* 214 Ga. 832 (108 SE2d 328) (1959).

Insofar as territorial restrictions are concerned, those which relate to the territory in which the employee was employed are generally upheld. *Edwards v. Howe Richardson Scale Co.,* 237 Ga. 818, 820 (229 SE2d 651) (1976); *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181 (236 SE2d 265) (1977). It is undisputed that, in this case, appellants were employed to and did solicit business

throughout the entire State of Georgia.

The evidence as found by the trial court showed that Stanco hired and trained appellants; sent them to trade shows at its expense to make contracts and to build up business; and sent them out to hire a sales force and to solicit business throughout the southeastern states. Appellants, after knowingly entering into the employment contract with its restrictions, allowed Stanco to expend large sums of money on their training. To now allow them to void the terms of the covenant not to compete would be unfair to Stanco. See: *Turner v. Robinson,* 214 Ga. 729 (3) (107 SE2d 648) (1959).

Therefore, we find that the facts and surrounding circumstances clearly establish that the territorial limitation in this case was reasonable, and a legitimate protection of Stanco's investment in customer relations. We uphold the trial court's order.

In so holding, we disapprove and overrule the decisions of *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669) (1949); *Taylor Publishing Co. v. Jones,* 226 Ga. 832 (177 SE2d 655) (1970); *Artistic Ornamental Iron Co. v. Wilkes,* 213 Ga. 654 (100 SE2d 731) (1957), to the extent that they hold a covenant not to compete which applies to the whole state is always void and will never be enforced. We find the interests of the state will be better served by judging the reasonableness of the territorial restrictions considering the nature of the business involved, and the facts surrounding each case.

4. There was evidence to support the court's finding that Stanco did business in all the counties of Georgia.

5. Appellants complain that it was error for the court to find, as a matter of law, that the activities restricted were clearly defined and not unnecessarily broad. We do not agree.

Appellants were restricted from competing with Stanco within the restricted territory. They were not prohibited from working for a competitor in any capacity or in an area unrelated to the field of expertise they gained at Stanco's expense.

We agree with the trial court that the granting of an injunction in this case would not unduly restrict competition or prejudice the interest of the public.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 17, 1978 — DECIDED FEBRUARY 6, 1979.

*Smith, Egerton & Longabaugh, B. J. Smith,* for appellants.

*John F. Davis, Jr.,* for appellee.