## 34393. JOHNSON v. LEE.

JORDAN, Justice.

This appeal arises from an order granting a temporary injunction to enforce an employee's covenant not to compete in the office machine business.

On June 4, 1968, Joe Lee as a sole proprietor, d/b/a Lee Office Equipment Company, entered into a contract with Homer Cody and appellant, Robert Johnson, whereby Cody and Johnson agreed to operate the service department of Lee's Office Equipment Company. This contract included a covenant not to compete by which Cody and Johnson agreed to refrain from "competitive business in any area within fifty miles from the corporate limits of Valdosta, Georgia, and for a period of five years from the date that this agreement is terminated." In 1969, Lee Office Equipment Company was incorporated. In 1972, the partnership of Cody and Johnson was incorporated into Lee Office Equipment Service

---

[1] "'Custody' includes visitation rights." Code Ann. § 24-303b (c).

Company, Inc.

In June, 1978, Johnson sold his interest in Lee Office Equipment Service Company, Inc. to Cody, resigned from the company and opened his own proprietorship, Robert Johnson, d/b/a Johnson Office Equipment Company, in Valdosta, Georgia. Lee brought this action against Johnson seeking temporary and permanent injunctions enjoining Johnson from violating the covenant not to compete set forth in their 1968 contract. Lee subsequently amended his complaint to change his prayer from one for an injunction for a period of five years from the termination of the contract to one for a period of three years from June 1, 1978.

After a hearing, the trial judge found the restrictive covenant contained in the subject contract was reasonably limited as to time and territory and sufficiently definite as to the prohibitive acts which Johnson had agreed not to undertake. Having found the contract legally enforceable, the trial court entered an order granting an interlocutory injunction enjoining Johnson from violating the contract's covenant not to compete.

Johnson appeals, alleging in separate enumerations of error that the trial court erred in concluding as a matter of law that the covenant not to compete was reasonably limited as to time and territory, sufficiently definite and otherwise reasonable and legally enforceable.

This court's standard of review in these cases is stated in *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181 (236 SE2d 265) (1977). "A covenant not to compete ancillary to an employment contract is enforceable only where it is strictly limited in time and territorial effect and is otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Schultz,* supra, and cits.

Reviewing first the territorial limitation, we note the factual similarity between this present appeal and *Edwards v. Howe Richardson Scale Co.,* 237 Ga. 818 (229 SE2d 651) (1976). In *Edwards,* a territorial restriction which applied to an area within a radius of 50 miles from Albany, Georgia was upheld as reasonable. As in *Edwards,* the evidence in the present case shows that the

employer has substantial contacts in the territory generally and that the employee took with him information "such as identities of present and potential customers, and details of bids entered for maintenance contracts." *Edwards* at 820. The territorial limitation in appellant's contract is not unreasonable.

Although appellee has waived his right to enforce the contract's five-year time restriction beyond a period of three years, appellant argues that the original restriction is unreasonable. As is the case with territorial restrictions this court has not set any limitations on time restrictions which would, per se, be unreasonable and unenforceable. In this case, appellant had access to all of appellee's customer records and knew the dates that various maintenance contracts would be up for renewal or dates when warranties would terminate and new contracts would be unnecessary. Under these facts, the five-year limitation, which appellant agreed to in 1968, is not now unreasonable.

The order of the trial court enjoins appellant from engaging in the work or business of "unpacking, adjusting, installation, and servicing of office machines" of the same or similar type as those sold by the appellee. These terms are not unreasonable, considering the business interests of the employee.

Appellant's last enumeration of error that the subsequent incorporation of Lee Office Equipment Company and Lee Office Equipment Service Company is a mutually consented to abandonment of their 1968 contract is meritless. The evidence is undisputed that the two businesses continued to operate under the contract after the change of each of their legal identities by incorporation.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1979 — DECIDED JUNE 20, 1979 — REHEARING DENIED JULY 2, 1979.

*Blackburn, Bright & Dodd, T. Converse Bright,* for appellant.

*John McTier,* for appellee.