38174, 38252. ROLLINS PROTECTIVE SERVICES COMPANY
v. PALERMO; and vice versa.

GREGORY, Justice.

This case involves the construction of restrictive covenants in an employment contract.

Palermo was employed by Rollins Protective Services Company (Rollins) in February, 1981 as a "manager in training." In July, 1981 Rollins terminated Palermo's employment for reasons not illustrated by the record. Subsequently Palermo found employment with a competitor of Rollins. Rollins then sought and was granted a temporary restraining order to prevent Palermo from violating certain restrictive covenants of an employment contract entered into by Palermo while in Rollins' employ. Rollins thereafter applied for an interlocutory injunction to restrain Palermo from violating the terms of the employment contract. After hearing argument the trial court denied Rollins' application for an interlocutory injunction, finding that three of the restrictive covenants were overly broad and therefore, unreasonable. However, the trial court concluded that "independent of the issue of enforceability of the covenants in the employment agreement . . . as a matter of law customer information and customer identities . . . Palermo may have had while employed by . . . Rollins constitutes confidential information and trade secrets worthy of protection by the court." The trial court then issued an interlocutory injunction enjoining Palermo, for a period of two years, from transacting business with any potential customer "Palermo became acquainted with or knowledgeable of as a result of his

employment" with Rollins.

In case no. 38174 Rollins appeals the denial of its application for an interlocutory injunction. In case no. 38252 Palermo appeals the interlocutory injunction issued by the trial court restraining him from transacting business with any customers known to him as a result of his employment with Rollins.

(1) Case no. 38174. The restrictive covenants involved in this litigation are set out in seven subsections of paragraph 5 of the employment contract. The trial court found that the effect of one of these restrictions would be to prevent Palermo from "selling fire or burglar alarm products (i.e., hardware)" when in fact "Palermo did not or could not sell such products while employed by Rollins." The trial court also determined that the agreement restricted Palermo from selling fire or burglar alarm services to commercial accounts "when as a matter of fact he did not or could not sell to such commercial customers while employed with Rollins." The trial court concluded that the restrictions were broader than necessary for Rollins' protection and held that they could not be enforced against Palermo. The trial court also found that the territorial restriction set out in paragraph 5 (g) of the contract was unreasonable. This subsection states that for a period of two years immediately following the termination of the agreement, Palermo will not "engage in the fire or burglar alarm business as a manager or salesman anywhere within [a 50-mile radius of Atlanta, Georgia]." Paragraph 8 (a) provides that in the event the territorial restriction is determined to be unreasonable, "the territorial restriction shall be limited to the entirety of that portion of the territory *within which the Employee works or has worked.*" (Emphasis supplied.) The trial court found the territorial restriction unreasonable "given the particular facts of the case" in that Palermo "could not and did not work for Rollins in this large a territory."

We turn first to the question of whether the trial court erred in concluding that the territorial restriction is unreasonable. "Whether the restraints imposed by an employment contract are reasonable is a question of law for determination by the court." *Taylor Freezer Sales Co. v. Sweden &c. Corp.,* 224 Ga. 160, 162 (160 SE2d 356) (1968). However, facts are sometimes necessary to determine whether "a questionable restriction, though not void on its face is, in fact, reasonable." *Koger Properties, Inc. v. Adams-Cates Co.,* 247 Ga. 68, 69 (274 SE2d 329) (1981). In construing territorial restrictions in an employment contract, "[t]he reasonableness of the territory depends, not so much on the geographical size of the territory, as on the reasonableness of the territorial restriction in view of the facts and circumstances surrounding the case. *Thomas v. Coastal*

*Industrial Services,* 214 Ga. 832 (108 SE2d 328) (1959)." *Barry v. Stanco Communications Products,* 243 Ga. 68, 70 (252 SE2d 491) (1979).

"Insofar as territorial restrictions are concerned, some of them relate to the territory in which the employee was employed; others relate to the territory in which the employer does business. The former generally will be enforced . . . *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 356 (133 SE2d 338) (1963). The latter generally are unenforceable absent a showing by the employer of the legitimate business interests sought to be protected. *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga 160 (160 SE2d 356) (1968); *Ellison v. Labor Pool of America, Inc.,* 228 Ga. 147 (184 SE2d 572) (1971); *Durham v. Stand-By Labor,* 230 Ga. 558 (1) (198 SE2d 145) (1973). It appears that the justification for this difference in treatment is that a court will accept as prima facie valid a covenant related to the territory where the employee was employed as a legitimate protection of the employer's investment in customer relations and good will. Thus a court will enforce an agreement prohibiting an employee from pirating his former employer's customers served by the employee, during the employment, at the employer's direct or indirect expense. Conversely, a court will not accept as prima facie valid a covenant related to the territory where the employer does business where the only justification is that the employer wants to avoid competition by the employee in that area." *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 183-184 (236 SE2d 265) (1977).

While the evidence in this case is not without conflict, the trial court's finding that Palermo was not authorized by Rollins to transact business in the entire area sought to be restricted in the employment contract is clearly supported by the record. And while Rollins makes a general argument that the restriction is necessary to protect its business interest, we conclude from our study of the record, including the employment contract, that the purpose of the territorial restriction is to prevent Palermo from competing against Rollins in an area greater than the area in which he worked on behalf of Rollins. Therefore the trial court did not err in finding the territorial restriction unreasonable. "On appeal the evidence is to be construed so as to uphold rather than overturn the judgment of the trial court. *Engram v. Faircloth,* 205 Ga. 577 (2) (54 SE2d 598) (1949)." *Barry v. Stanco,* supra, at 70.

Rollins maintains, however, that the facts in this case are "identical" to *Edwards v. Howe Richardson Scale Co.,* 237 Ga. 818 (229 SE2d 651) (1976) and *Johnson v. Lee,* 243 Ga. 864 (257 SE2d 273) (1979) where we affirmed the trial courts' findings that

territorial restrictions of 50-mile radii of Valdosta and Albany, respectively, were reasonable. However, these cases are distinguishable. In both *Edwards* and *Johnson* the question of whether the employee worked in the entire area sought to be restricted by the employer was not at issue, whereas this question is a focal point of the litigation in the case at bar.

Rollins also argues that the trial court erred in striking two other restrictive covenants found in paragraph 5 of the agreement. However, we find it unnecessary to decide whether this was error. "[T]his court has rejected the 'blue-pencil theory of severability' as applied to restrictive covenants in employment contracts . . . Therefore, if any of the sub-paragraphs of the restrictive covenant are invalid, the entire covenant must fall." *Uni-Worth Enterprises v. Wilson,* 244 Ga. 636, 640 (261 SE2d 572) (1979). See also *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, supra; *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972); *T. V. Tempo v. T. V. Venture,* 244 Ga. 776 (262 SE2d 54) (1979). Since subparagraph 5 (g) is unenforceable, the trial court did not err in ruling that the entire covenant is unenforceable.

(2) Case no. 38252. The trial court found that "independent of the issue of enforceability of the covenants in the employment agreement . . . as a matter of law customer information and customer identities . . . Palermo had, or may have had, access to while employed by . . . Rollins constitutes confidential information and trade secrets worthy of protection by the court." The trial court then issued the following injunction:

"Defendant Raymond Palermo is hereby enjoined and restrained from selling any fire or burglar alarm products or services, or soliciting, calling upon, or otherwise transacting business with regard to such products or services, with any person, business or other entity which defendant Palermo knows to be under contract with plaintiff Rollins for the provisions of fire or burglar alarm services, or with whom the defendant Palermo became acquainted with or knowledgeable of as a result of his employment with plaintiff Rollins. The restrictions in this interlocutory injunction will cover and include situations in which present or former Rollins customers of fire and burglar alarm services or systems approach defendant Palermo on their own initiative if they are individuals, organizations, or other entities with which defendant Palermo became acquainted or gained knowledge of during his employment with Rollins. Provided, however, that nothing in this interlocutory injunction shall prohibit or restrain defendant Palermo from contacting, soliciting, calling upon or transacting business with any former customers of Rollins after a period of two years have elapsed from the time any

such person, businesses, organizations or other entities have been customers of Rollins. This interlocutory injunction will remain in effect until further order of the Court."

Public policy supports the protection of an employment agreement imposing a duty on an employee to refrain from disclosing confidential business information of the employer. *Durham v. Stand-By Labor of Ga.,* 230 Ga. 558 (198 SE2d 145) (1973). "[A] claim for breach of covenant not to compete and one for wrongful disclosure and use of confidential information in violation of contract may be maintained separately and independently under the same or distinct provisions of the employment agreement." Ibid, at 562-563. "In determining whether restraints on disclosure are reasonable, two factors are of importance: (1) whether the employer is attempting to protect confidential information relating to the business, such as trade secrets, methods of operation, names of customers [and] personnel data . . . and (2) whether the restraint is reasonably related to the protection of the information." Ibid, at 564.

In the employment contract in this case there are two separate non-disclosure provisions. Paragraph 5 prohibits the employee from "divulg[ing] [for a period of two years] the methods and systems employed by the Company in providing fire and burglar alarm systems to its customers." Paragraph 8 (a) provides: "The Employee distinctly understands and agrees that the nature of the Company's business, the customer lists of the Company, the information with respect to the methods and systems used by the Company in its business, the training received by the Employee are all of a confidential nature . . ."

Because the record before us is not developed as to the issue of the reasonableness of the non-disclosure clause, we cannot determine whether the restraints on disclosure set out in this agreement are reasonably necessary for the protection of Rollins' confidential business information.[1] However, we find that the injunction imposed by the trial court is far broader than either of the non-disclosure clauses in the employment agreement, and goes beyond protecting a

---

[1] We note, however, that while Rollins argues Palermo has "taken away at least one customer from Rollins," Rollins has not alleged that Palermo is in possession of a customer list which he is using to the detriment of Rollins. And while it is true that Rollins need not put in the record details of the "confidential information" it seeks to protect, it must allege more than the conclusion that Palermo is in possession of certain information worthy of protection in order to benefit from the non-disclosure restraints. *See generally, Vendo Co. v. Long,* 213 Ga. 774 (102 SE2d 173) (1958); *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160 (160 SE2d 356) (1968).

trade secret or confidential information. Its effect is not to prevent Palermo from divulging "confidential information" or "customer lists," but to prohibit Palermo from transacting business with persons Palermo knows to be under contract with Rollins. This would include a situation where Palermo inadvertently calls upon a customer of Rollins and then learns for the first time of a Rollins' contract. As such it is an injunction against competition. *Textile Rubber &c. Co. v. Shook,* 243 Ga. 587, 592 (255 SE2d 705) (1979). We agree with appellant Palermo that the trial court erred in granting this interlocutory injunction.

*Judgment affirmed in case no. 31817. All the Justices concur, except Jordan, C. J., who concurs in the judgment only. Judgment reversed in case no. 38252. All the Justices concur, except Jordan, C. J., and Hill, P. J., who concur in the judgment only, and Marshall and Weltner, JJ., who dissent.*

DECIDED FEBRUARY 23, 1982 —
REHEARING DENIED MARCH 10, 1982.

*Decker, Cooper & Hallman, Richard P. Decker, Robert A. Moss,* for appellant.

Raymond Palermo, *pro se.*