A11A1651, A11A1652. CRUMP INSURANCE SERVICES et al.
v. ALL RISKS, LTD. (two cases).
(727 SE2d 131)

BARNES, Presiding Judge.

Alejandro Duran, Carl Feldhaus, and Jordan Yoss were employed in Georgia by All Risks, Ltd., a Maryland insurance brokerage firm,

pursuant to agreements that include restrictive covenants, a forum-selection clause requiring the resolution of any dispute in a Maryland court and a choice-of-law clause requiring the application of Maryland law. In April 2010, Duran, Feldhaus, and Yoss resigned their employment with All Risks and became employed by Crump Insurance Services, Inc., a Texas insurance brokerage firm. Crump, Duran, Feldhaus, and Yoss sued All Risks in Georgia, seeking declaratory judgments that the agreements are unenforceable.[1] Citing the forum-selection clause, both trial courts dismissed the suits, and Crump, Duran, Feldhaus and Yoss appeal, contending that the restrictive covenants were unenforceable in Georgia under the law that existed when the parties entered into the contracts.[2] They further argue that, because Maryland courts were likely to enforce the covenants, Georgia courts should not honor the forum-selection clause. We disagree and affirm the judgments below.

We review de novo a trial court's ruling on a motion to dismiss. *The Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795, 795 (692 SE2d 61) (2010). The agreements in this case provide that Maryland law applies and that any dispute concerning the agreements must be resolved in a Maryland court. The appellants argue that Georgia law applies, the contractual provision notwithstanding, because they resided in Georgia and worked for All Risks in Georgia, and under Georgia law, the restrictive covenants in the agreements are unenforceable. The forum-selection clause is likewise unenforceable, they contend, because a Maryland court would likely honor the choice-of-law clause, apply Maryland law, and conclude that the restrictive covenants are enforceable, contrary to Georgia public policy.

Georgia law provides that "the law of the jurisdiction chosen by parties to a contract to govern their contractual rights will be enforced unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of this state." *CS-Lakeview at Gwinnett, Inc. v. Simon Property Group*, 283 Ga. 426, 428 (659 SE2d 359) (2008). If the appellants can show that the restrictive covenants in this case violate Georgia public policy *and* that a Maryland court would likely enforce the covenants against them, then requiring

---

[1] Crump, Feldhaus, and Yoss filed an action on the Feldhaus and Yoss agreements, and Crump and Duran filed a separate action on the Duran agreement. The actions were assigned to different judges.

[2] We apply the law of restrictive covenants as it existed when the contract was made, before the effective date of OCGA §§ 13-8-50 through 13-8-59, which defined the parameters of permissible covenants and granted courts the ability to amend these contracts rather than invalidate them entirely. See *Bunker Hill Intl. v. NationsBuilder Ins. Svcs.*, 309 Ga. App. 503, 505, n. 1 (710 SE2d 662) (2011); Ga. Const. of 1983, Art. III, Sec. VI, Par. V (c) (2), (3).

them to litigate in Maryland would deprive them of a meaningful opportunity to argue that the covenants were void, damaging them and the applicable Georgia public policy against restraint of trade. *Bunker Hill Intl.*, 309 Ga. App. at 507.

> Restrictive covenants in employment contracts are in partial restraint of trade and are enforceable only if strictly limited in time and territorial effect and are otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee.

(Citation and punctuation omitted.) *Fuller v. Kolb*, 238 Ga. 602, 603 (234 SE2d 517) (1977). Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court. *Rollins Protective Svcs. Co. v. Palermo*, 249 Ga. 138, 139 (287 SE2d 546) (1982). When addressing the question of reasonableness, a court should consider the duration, territorial coverage, and scope of activity subject to the restrictions. *W.R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). A restrictive covenant without territorial limitations that limits a former employee from accepting business from any customer of the former employer is unenforceable under Georgia law. See *Coleman v. Retina Consultants*, 286 Ga. 317, 320 (1) (687 SE2d 457) (2009).

The restrictions in the contracts in this case were not limited geographically, and prohibited the former employees from even accepting business from certain customers for two years, regardless of whether the employees had worked directly with the customers. The contracts also provided that the passage of the two-year time period was tolled during any breach of the restrictive covenants. While All Risks disputes the contention in the appellants' statement of facts that these covenants are unenforceable under applicable Georgia law, they clearly are unenforceable and are contrary to the Georgia public policy against restraint of trade.

After determining that the restrictive covenants violate Georgia public policy, the courts must consider whether a Maryland court would be likely to enforce the covenants against the former employees. In finding for the appellee that the forum-selection provision was valid, the trial court in Case No. A11A1652 held that Maryland's law on restrictive covenants was similar to Georgia's

law.[3] It cited a 2008 decision from the Court of Special Appeals of Maryland, which held that

> an employee's agreement not to compete with his employer upon leaving the employment will be upheld if the restraint is confined within limits which are no wider as to area and duration than are reasonably necessary for the protection of the business of the employer and do not impose undue hardship on the employee or disregard the interests of the public.

(Citation and punctuation omitted.) *Ecology Svcs. v. Clym Environmental Svcs.*, 181 Md. App. 1, 14-15 (952 A2d 999) (2008). For example, applying Maryland law, a federal court in 2010 struck down a restrictive covenant in an employment contract because the scope of proscribed activity was too broad. *MCS Svcs. v. Jones*, No. WMN-10-1042, 2010 U. S. Dist. LEXIS 105013, at \*11-15 (D. Md. Oct. 1, 2010).

Maryland's highest court has explained that the state "follows the general rule that restrictive covenants may be applied and enforced only against those employees who provide unique services, or to prevent the future misuse of trade secrets, routes or lists of clients, or solicitation of customers." *Becker v. Bailey*, 268 Md. 93, 97 (299 A2d 835) (1973). Courts in Maryland interpret these restrictive covenant provisions on a case-by-case basis, because "[t]here is no arbitrary yardstick as to what protection of the business of the employer is reasonably necessary, no categorical measurement of what constitutes undue hardship on the employee, no precise scales to weigh the interest of the public." *Ruhl v. Bartlett Tree Expert Co.*, 245 Md. 118, 124 (225 A2d 288) (1967).

The appellants here have not shown that a Maryland court would enforce these covenants, and therefore have not shown that proceedings in a Maryland court would likely produce a result that offends the public policy of Georgia. Absent such a showing, no compelling reason appears to avoid the forum-selection clause, and therefore we affirm the judgments of the trial courts.

*Judgments affirmed. Adams, J., concurs. Blackwell, J., concurs specially.*

---

[3] The trial court in Case No. A11A1651 did not state the reason for its grant of summary judgment to the appellees.

BLACKWELL, Judge, concurring specially.

I concur specially. As the majority says, to avoid the forum-selection clause in this case, Crump, Duran, Feldhaus, and Yoss were required to show not only that the restrictive covenants violate Georgia law, but also that a Maryland court likely would enforce those covenants. *Bunker Hill Intl. v. NationsBuilder Ins. Svcs.*, 309 Ga. App. 503, 507 (710 SE2d 662) (2011). For the purposes of this appeal, I am willing to assume that the restrictive covenants violate Georgia law, and I also am willing to assume that they would be enforceable under Maryland law. Even assuming these things, Crump, Duran, Feldhaus, and Yoss have failed to show a likelihood that a Maryland court would apply Maryland law to these covenants, and for that reason, they have failed to show that a Maryland court likely would enforce the covenants.[4] See *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670, 672 (534 SE2d 136) (2000) (party failed to show that proceedings in the selected forum, New York, would offend public policy of Georgia where party failed to "even address whether the New York court would apply New York law").

There is some reason to believe that a Maryland court would apply Georgia law to the restrictive covenants in this case, notwithstanding the contractual choice of Maryland law. Maryland follows Section 187 of the Restatement (Second) of Conflict of Laws, see *Jackson v. Pasadena Receivables*, 398 Md. 611, 619-620 (921 A2d 799) (2007), which provides that a contractual choice of law may be avoided where

> application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187 (2) (b). In a similar case involving restrictive covenants and Georgia employees, a Maryland court refused to honor the contractual choice of Maryland law

---

[4] Crump, Duran, Feldhaus, and Yoss note that our opinion in *Bunker Hill* says nothing about the likelihood that a court in the selected forum would apply the law of some jurisdiction other than Georgia. That is true enough, but perhaps we said nothing about it in *Bunker Hill* because no one argued that there was any chance that a court in the selected forum would apply Georgia law. We were explicit in *Bunker Hill* that, to avoid a forum-selection clause in a case like this one, a party must show a likelihood that a court in the selected forum would uphold a covenant that is unenforceable under Georgia law. Such a showing necessarily requires a showing that such a court would not, in fact, apply Georgia law.

and instead applied Georgia law, inasmuch as "Georgia had a far greater relationship to the employment contracts and . . . the non-compete agreements violated Georgia's fundamental public policies." *Hunter Group, Inc. v. Smith*, 9 Fed. Appx. 215, 219 (I) (4th Cir. 2001). Moreover, All Risks has sued Duran, Feldhaus, and Yoss in a Maryland federal court for breach of their restrictive covenants, and in that case, the court explicitly has acknowledged the possibility that Georgia law might govern whether the covenants are enforceable, the contractual choice of Maryland law notwithstanding. See *All Risks, Ltd. v. Crump Ins. Svcs.*, Civil Action No. CCB-10-1554, 2011 WL 1304898, *5 (D. Md. Mar. 31, 2011). Crump, Duran, Feldhaus, and Yoss have failed to show that a Maryland court would apply Maryland law to the restrictive covenants at issue, and for this reason, they cannot avoid the forum-selection clause.

DECIDED MARCH 28, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012 — 

*Jackson Lewis, Jeffrey A. Schwartz, Robert W. Capobianco, Brandon M. Cordell*, for appellants.
*Elarbee, Thompson, Sapp & Wilson, Douglas H. Duerr, Anthony Ventry III*, for appellee.