## S92Q0994. W. R. GRACE & COMPANY, DEARBORN DIVISION v. MOUYAL et al.

(422 SE2d 529)

BENHAM, Justice.

This case is before this court as a certified question from the United States Court of Appeals for the Eleventh Circuit, pursuant to OCGA § 15-2-9 and Rule 37 of the Rules of the Supreme Court of Georgia. See *W. R. Grace & Co., Dearborn Div. — Conn. v. Mouyal*, 959 F2d 219 (11th Cir. 1992). The question centers on the enforceability of a no-solicitation clause contained in an employment agreement between the parties. The clause reads as follows:

> Employee agrees that during the period of eighteen months immediately following cessation of Employee's employment with Dearborn, Employee shall not, on Employee's own behalf or on behalf of any person, firm, partnership, association, corporation or business organization, entity or enterprise, solicit, contact, call upon, communicate with or attempt to communicate with any customer or prospect of Dearborn, or any representative of any customer or prospect of Dearborn, with a view to sale or providing of any product, equipment or service competitive or potentially competitive with any product, equipment or service sold or provided or under development by Dearborn during the period of two years immediately preceding cessation of Employee's employment with Dearborn, provided that the restrictions set forth in this section shall apply only to customers or prospects of Dearborn, or representative of customers or prospects of Dearborn, with which Employee had contact during such two-year period. . . . The actions prohibited by this section shall not be engaged in by Employee directly or indirectly, whether as manager, salesman, agent, sales or service representative, engineer, technician or otherwise.

Upon termination of his employment with Dearborn, appellee became an officer and director of a competitor of Dearborn and, within the 18-month period, allegedly solicited a Dearborn customer with which appellee had visited during the last two years of his tenure with Dearborn. Dearborn filed suit to enforce the restrictive covenant and the district court concluded that the absence of an express territorial limitation in the covenant not to solicit rendered the covenant unenforceable. After Dearborn appealed to the Eleventh Circuit, that court certified the following question to this court:

> Whether, as a matter of law, a no-solicitation clause in an employment contract that prohibits the solicitation of the

employer's clients that the employee actually contacted while serving the employer, such as the no-solicitation clause involved in this case, is enforceable in Georgia notwithstanding the absence of an explicit geographical limitation.[1]

1. While a contract in general restraint of trade or which tends to lessen competition is against public policy and is void (1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2), a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld

> if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public.

*Rakestraw v. Lanier*, 104 Ga. 188, 194 (30 SE 735) (1898). Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court (*Rollins Protective Svcs. Co. v. Palermo*, 249 Ga. 138 (287 SE2d 546) (1982)), which considers " 'the nature and extent of the trade or business, the situation of the parties, and all the other circumstances.' [Cits.]" *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 803 (51 SE2d 669) (1949), overruled on other grounds in *Barry v. Stanco Communications Prods.*, 243 Ga. 68 (3) (252 SE2d 491) (1979). A three-element test of duration, territorial coverage, and scope of activity has evolved as a "helpful tool" in examining the reasonableness of the particular factual setting to which it is applied. *Watson v. Waffle House*, 253 Ga. 671, 673 (324 SE2d 175) (1985). See also *National Teen-Ager Co. v. Scarborough*, 254 Ga. 467, 469 (330 SE2d 711) (1985).

2. The focus of this case is the absence of an express geographic description of the territorial restriction contained in the no-solicitation clause of the employment contract. A territorial limitation is necessary to give the employee notice of what constitutes a violation of the restrictive covenant (*Fuller v. Kolb*, 238 Ga. 602, 604 (234 SE2d 517) (1977)), and must specify with particularity the territory in which the employee is restricted. *Wiley v. Royal Cup*, 258 Ga. 357, 358 (370 SE2d 744) (1988). In construing a territorial restriction, we

---

[1] We note that the certified question is limited to the solicitation by a former employee of those *clients* of his former employer that the employee actually contacted while serving his employer. The restrictive covenant executed by these parties, however, differs from the question posed: it is broader than the question in that it covers customers *and prospects* of Dearborn that appellee contacted, and it is more narrow than the certified question as it is applicable only to those clients and prospects contacted by appellee *during the last two years of his employment with Dearborn.*

recognize that the reasonableness of the restriction is more dependent upon the facts and circumstances surrounding the case than on the geographic size of the territory. *Rollins Protective Svcs. Co. v. Palermo*, supra at 139. See also *Barry v. Stanco Communications Prods.*, supra at 70. In determining reasonableness, consideration must be given to the employee's right to earn a living (*Orkin Exterminating Co. v. Dewberry*, supra), and the employee's ability to determine with certainty the area within which his post-employment actions are restricted. *Britt v. Davis*, 239 Ga. 747 (2) (238 SE2d 881) (1977); *Fuller v. Kolb*, supra; *Durham v. Stand-By Labor of Ga.*, 230 Ga. 558 (2a) (198 SE2d 145) (1973). At the same time, the employer has a protectible interest in the customer relationships its former employee established and/or nurtured while employed by the employer (see *Orkin Exterminating Co. v. Walker*, 251 Ga. 536 (2) (307 SE2d 914) (1983)), and is entitled to protect itself from the risk that a former employee might appropriate customers by taking unfair advantage of the contacts developed while working for the employer. Id.; *Singer v. Habif, Arogeti & Wynne*, 250 Ga. 376 (297 SE2d 473) (1982). See also *Puritan/Churchill Chem. Co. v. McDaniel*, 248 Ga. 850 (1) (286 SE2d 297) (1982); *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636 (1) (261 SE2d 572) (1979).

Various precepts have evolved from the judicial balancing of the interests involved. It is an unreasonable and overbroad protection of the employer's interest to restrict a former employee from post-employment solicitation in a geographic area where the employer had no business interest. *Thomas v. Coastal Indus. Svcs.*, 214 Ga. 832 (108 SE2d 328) (1959); *Orkin Exterminating Co. v. Dewberry*, supra. While territorial restrictions relating to the geographic area where the employer does business, and restrictions relating to the area where the employee did business are both more narrowly tailored than the overbroad restrictions in *Thomas*, supra, and *Orkin*, supra, there is a "vital difference" between such territories. *Wiley v. Royal Cup*, supra; *Guffey v. Shelnut & Assoc.*, 247 Ga. 667, 670, n. 3 (278 SE2d 371) (1981). A restriction relating to the area in which the employer does business is generally unenforceable due to overbreadth, unless the employer can show a legitimate business interest that will be protected by such an expansive geographic description. *Howard Shultz & Assoc. v. Broniec*, 239 Ga. 181, 183 (236 SE2d 265) (1979). See also *Rollins Protective Svcs. Co. v. Palermo*, supra, and *Wiley v. Royal Cup*, supra. But see *Northeast Ga. Artificial Breeders Assn. v. Brown*, 209 Ga. 547 (2) (74 SE2d 660) (1953). A restriction relating to the area where the employee did business on behalf of the employer has been enforced as a legitimate protection of the employer's interest (*Puritan/Churchill Chem. Co. v. McDaniel*, supra; *Howard Shultz & Assoc. v. Broniec*, supra), but the prohibition against post-employ-

ment solicitation of *any* customer of the employer located in a specific geographic area is an unreasonable and overbroad attempt to protect the employer's interest in preventing the employee from exploiting the personal relationship the employee has enjoyed with the employer's customers. *Orkin Exterminating Co. v. Walker*, supra; *Singer v. Habif, Arogeti & Wynne*, supra. Compare *Nunn v. Orkin Exterminating Co.*, 256 Ga. 558 (1a) (350 SE2d 425) (1986) (where the prohibition against soliciting any customer was limited to the geographic area the employee had serviced while employed by his employer).[2]

As the group which the employer wishes to protect from solicitation by former employees becomes more narrowly defined, the need for a territorial restriction expressed in geographic terms becomes less important. See 6A Corbin on Contracts, § 1394, p. 38 (1992 Supp.). We so held in *Kirschbaum v. Jones*, 206 Ga. 192 (56 SE2d 484) (1949).[3] Cf. *Uni-Worth Enterprises v. Wilson*, supra. More recently, in *Cobb Family Dentistry v. Reich*, 259 Ga. 450 (383 SE2d 891) (1989), we held that a restrictive covenant which prohibited the former employee/dentist from soliciting patients who had been seen at the employer's office during the employee's tenure was not impermissibly vague or broad. The territorial restriction was expressed, not in geographic terms, but by describing a limited number of employer patients. Requiring an express geographic territorial description in all cases is not in keeping with the reality of the modern business world in which an employee's "territory" knows no geographic bounds, as the technology of today permits an employee to service clients located throughout the country and the world. Where the parameters of the restrictive covenant are as narrow as those set forth in the certified

---

[2] The requirement in *Guffey v. Shelnut & Assoc.*, supra, that a restrictive covenant specify the territory in which the employee is to be foreclosed is not a holding that an express geographic description of the forbidden territory is required. The restrictive covenant in *Guffey* prohibited Guffey from soliciting *any* entity doing business with the employer on the day Guffey terminated his employment, without regard to whether Guffey had serviced the entity during his employment with Shelnut. The covenant contained no description of the territory in which the former employee was prohibited from soliciting any of his former employer's customers. *Wiley v. Royal Cup*, supra. In essence, the court held that a prohibition against doing business with *any* of an employer's customers, whether or not a relationship existed between the customer and the former employee, is overbroad. The court later specifically so held in *Orkin Exterminating Co. v. Walker*, supra.

[3] The disapproval of the *Kirschbaum* holding in *Fuller v. Kolb*, supra, should be limited to the facts of *Fuller*: a restrictive covenant prohibiting a former employee from rendering services to *any* client of the employer must contain a territorial restriction expressed in geographic terms because that restriction, which does not take into account whether the employee had a business relationship with that client or whether it was the client who solicited the former employee, is otherwise unreasonable and overbroad in its attempt to protect the employer's legitimate interest in keeping the employee from taking advantage of the goodwill generated during his employment with the employer to lure employer customers away. The *Kirschbaum* holding is applicable to restrictive covenants limited to employer clients serviced by the former employee during his tenure with the employer.

question, i.e., where the former employee is prohibited from post-employment solicitation of employer customers which the employee contacted[4] during his tenure with the employer, there is no need for a territorial restriction expressed in geographic terms.

*Certified question answered in the affirmative. Clarke, C. J., Bell, P. J., Hunt, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 21, 1992.

*Ogletree, Deakins, Nash, Smoak & Stewart, Margaret H. Campbell, William S. Myers,* for appellant.

*Glass, McCullough, Sherrill & Harrold, Terrence McQuade, S. Andrew McKay,* for appellees.

*Alston & Bird, Sidney O. Smith, Oscar N. Persons, Anne S. Rampacek, Champion & Champion, Forrest L. Champion, Jr., E. Michael Ingram,* amici curiae.

---

[4] In *Uni-Worth Enterprises v. Wilson,* supra, this court noted that a restrictive covenant prohibiting a former employee from calling on any customer of the employer solicited or contacted by the employee was not too indefinite to be enforced because it merely prohibited the employee from calling upon or taking away customers or accounts of the employer solicited or contacted by the employer during his term of employment. We construe "contact" to mean interaction between the employee and the customer/client/account which takes place in an effort to further the business relationship.