A93A2230. HART v. MARION A. ALLEN, INC. OF GEORGIA.
(440 SE2d 26)

BIRDSONG, Presiding Judge.
Edgar Patterson Hart appealed the grant of interlocutory injunction to the Supreme Court of Georgia, which transferred the appeal to

this court.

Appellant Hart was employed by appellee Marion A. Allen, Inc. (Allen, Inc.) pursuant to a solicitor's agreement, dated February 16, 1987. Allen, Inc., is a 100 percent owned family business. Appellant commenced employment as an account executive and, at the time of his resignation, had attained the title of executive vice-president. On June 28, 1993, appellant submitted his resignation under the authority of Article VIII of the agreement, and informed his employer he either would terminate employment immediately or work the requisite ten days if management desired. The following day, June 29, 1993, appellant failed to show up for work. This same day, appellee learned three insurance accounts serviced by appellant were due for renewal and that appellant allegedly had quoted those accounts for a different insurance agency with whom appellant was negotiating employment. The commission which Allen, Inc. should have obtained from these policies was approximately $40,000. On June 30, 1993, appellee filed suit seeking injunction against appellant for averred violation of the restrictive covenant and proprietary information provisions of the agreement. Following a hearing, the trial court granted interlocutory injunction on behalf of appellee.

The restrictive covenant provides: "IX. COVENANT NOT TO COMPETE — In consideration of the [appellee's] agreement under Paragraph II and IV of this contract . . . [appellant] agrees that for a period of three (3) years, [appellant] will not solicit property, casualty, life, accident and health and bond insurance of customers of the [appellee], at the time of termination of employment, and will not provide property, casualty, life, accident and health, or bond insurance counseling or property, casualty, life, accident and health, and bond insurance coverage to customers of [appellee] at the time of termination of employment. [Appellant] recognizes the expirations and files [sic] the property of the [appellee] to remain with the [appellee] at all times." *Held*:

Examining the solicitor's agreement in its totality, we find *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) controlling. The terms of the agreement prohibit only certain conduct in regard to the customers of Allen, Inc., and there exists no need for a specific geographic limitation in order to provide appellant with adequate notice as to the scope thereof. Moreover, the three-year time limitation in the agreement was not unreasonable.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 2, 1993 —
RECONSIDERATION DENIED DECEMBER 15, 1993 — ▮▮▮▮▮▮▮▮▮

*Anderson, Walker & Reichert, Walter H. Bush, Jr., Walker,*

*Hulbert, Gray & Byrd, Charles W. Byrd*, for appellant.
*Hall, Bloch, Garland & Meyer, Benjamin M. Garland, Adams & Adams, Charles R. Adams III*, for appellee.