A94A1351. FIREARMS TRAINING SYSTEMS, INC. v. SHARP.
(445 SE2d 538)

BLACKBURN, Judge.

This direct appeal arises from the attempted enforcement of a restrictive covenant contained in a Property Rights, Non-Disclosure Agreement and Agreement Not to Compete executed by appellee Sharp while employed by the appellant, Firearms Training Systems, Inc., as the director of Firearms' law enforcement sales department. The trial court enjoined Firearms from enforcing the covenant.

Generally, the Supreme Court has exclusive appellate jurisdiction in matters of equity. Ga. Const. of 1983, Art. VI, Sec. VI, Par. III. However, although the case presented involves injunctive relief, "no substantive issues of equity are involved in th[is] [appeal]. Resolution of the [appeal] turns instead on the question of the validity and enforceability of the contract [provision] restricting competition, which is a question of law. [Cit.]" *Pittman v. Harbin Clinic Professional Assn.,* 210 Ga. App. 767, 768 (437 SE2d 619) (1993). See also *Hart v. Marion A. Allen, Inc.,* 211 Ga. App. 431 (440 SE2d 26) (1993); *Smith v. HBT, Inc.,* 213 Ga. App. 560 (445 SE2d 315) (1994).[1]

Firearms is a Delaware corporation in the business of manufacturing and distributing interactive video simulators used in training law enforcement and military personnel worldwide. On January 29, 1992, Sharp signed the agreement at issue. Paragraph 10 of the agreement provided that "[a]fter termination of [his] employment with [Firearms], [Sharp] w[ould] not, for a period of three years, directly or indirectly engage in competition with [Firearms]; that is, [Sharp] w[ould] not enter or engage in the business of developing or selling electronic firearms systems (whether intended for training purposes, amusement purpose or any purposes) in the capacity [Sharp] served during [his] relationship with [Firearms] (or any capacity) either individually, as a partner or joint venture, as an employee, or as an agent, officer, director, or shareholder of any entity or person." Sharp further agreed not to disclose any trade secrets that he obtained while working with Firearms.[2] The agreement also provided that Firearms' business activities and Sharp's sales responsibilities were worldwide,

---

[1] We likewise exercised jurisdiction in *Osta v. Moran,* 208 Ga. App. 544 (430 SE2d 837) (1993), a direct appeal of a trial court's denial of injunctive relief based upon the invalidity of a covenant not to compete contained in an employment contract.

[2] Sharp does not challenge the portion of the agreement concerning the nondisclosure of trade secrets.

but Sharp testified that his sales activities were limited to the continental United States.

Sharp was terminated on May 12, 1993, and subsequently sought employment with Caswell International Corporation, a corporation involved in worldwide sales of interactive firearms training systems. However, Caswell refused to hire Sharp unless the covenant at issue was declared invalid or Firearms refused to enforce it. As a result, Sharp filed the instant action seeking a declaratory judgment and injunctive relief.

Firearms initially asserts that the trial court erred in concluding that the language contained in the covenant not to compete is overbroad, rendering the covenant unenforceable. The corporation further maintains that the restrictions contained therein are sufficiently narrow to support its validity. We disagree.

"While a contract in general restraint of trade or which tends to lessen competition is against public policy and is void (1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2), a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld 'if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public.' [Cit.] Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court [cit.], which considers ' "the nature and extent of the trade or business, the situation of the parties, and all the other circumstances." (Cits.)' [Cit.] A three-element test of duration, territorial coverage, and scope of activity has evolved as a 'helpful tool' in examining the reasonableness of the particular factual setting to which it is applied. [Cits.]" *W. R. Grace & Co., Dearborn Div. v. Mouyal,* 262 Ga. 464, 465 (1) (422 SE2d 529) (1992).

In the case sub judice, the covenant prohibits Sharp from working in any capacity in the world in the business of developing or selling electronic firearm systems for the three-year period following his termination. "[A]n employment contract which prohibits the employee, upon leaving such employment, from obtaining employment with a competitor in any capacity is unreasonable. . . . [Such a covenant] impos[es] greater limitations on the employee than [are] necessary for the protection of the employer. [Cit.]" *Dunn v. Frank Miller Assoc.,* 237 Ga. 266, 268 (227 SE2d 243) (1976). See also *Uni-Worth Enterprises v. Wilson,* 244 Ga. 636 (261 SE2d 572) (1979); *Roberts v. Tifton Medical Clinic,* 206 Ga. App. 612 (426 SE2d 188) (1992).

Moreover, the covenant in the case at bar restricts Sharp from working with any competitor in the world although Sharp's activities with Firearms were limited to sales in the United States. "A territo-

rial limitation is necessary to give the employee notice of what constitutes a violation of the restrictive covenant, and must specify with particularity the territory in which the employee is restricted." (Citations omitted.) *Mouyal,* supra at 465. "A restriction relating to the area in which the employer does business in generally unenforceable due to overbreadth, unless the employer can show a legitimate business interest that will be protected by such an expansive geographic description." Id. at 466. Firearms cannot justify the unreasonably extensive geographic limitation placed upon Sharp which substantially limits his right to earn a living. See id.; *Osta,* supra.

Consequently, the trial court did not err in concluding that the covenant at issue is an unreasonable restraint on trade and therefore, unenforceable because it is overbroad in terms of territorial coverage and the scope of the prohibited activity.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1994 —
RECONSIDERATION DENIED JUNE 6, 1994 — ▋

*Herbert P. Schlanger,* for appellant.
*Barry A. Karp,* for appellee.