## A94A1294. SMITH v. HBT, INC.
### (445 SE2d 315)

BLACKBURN, Judge.

The appellee, HBT, Inc., a Georgia corporation, brought the instant action seeking damages and injunctive relief against the appellant, Jeff Smith d/b/a South Georgia Agri Supply, based upon Smith's alleged breach of a written covenant not to compete executed by the parties. Smith responded, asserting several defenses and counterclaims, alleging that the covenant was an unreasonable restraint on trade.

Following an evidentiary hearing on November 3, 1993, the trial court found that the covenant was reasonable in terms of duration, territorial coverage and scope of prohibited activity, and that Smith violated the covenant by calling upon HBT's customers from a list formerly used by Smith while Smith was employed by HBT as a salesman. The trial court temporarily enjoined Smith from contacting customers shown on HBT's customer list. Smith directly appealed the trial court's order to the Supreme Court, and on February 25, 1994, the Supreme Court transferred the appeal to this court for appellate review. We affirm.

HBT is a supplier of nuts, bolts, tools, and farm and industrial supplies throughout south Georgia. The company's primary method of operation involves direct sales to customers by salesmen from trucks stocked with supplies. The company's salesmen are provided with a list of customers and the list was developed over a 15-year period. HBT also furnishes its salesmen with a marketing program developed by the company which includes information on the individual supply needs of each customer and the prices of various products.

Smith began working with HBT on March 27, 1989, in the company's inventory warehouse and was subsequently promoted to the position of a route salesman on May 7, 1990. As a route salesman,

Smith was responsible for contacting farmers for sales of agricultural supplies in a 42-county area. Prior to and as a condition of his employment as a salesman, Smith executed the contract not to compete, acknowledging that HBT's marketing program and customer and client lists were trade secrets that should remain concealed. Smith agreed to use his best efforts to refrain from using or disclosing the confidential information and, based upon the terms of the contract, Smith was enjoined from disseminating the confidential information. All salesmen were required to execute such a covenant because of the marketing information provided to them by HBT.

Under paragraph nine of the contract, Smith specifically agreed not to "compete in any way against HBT either by himself as an individual, or in association with others, incorporated or otherwise, for five (5) years from the date his employment is terminated with HBT by using any facet or part of the heretobefore marketing program or calling on or conversing with or selling any of the clients or customers in the list of customers furnished by HBT in the following described geographical area, to wit: All Georgia counties south of Macon, I-16 and U. S. Highway 80, a radius of 50 miles around Dothan, Alabama, a radius of 75 miles around Tallahassee, Florida, a radius of 75 miles around Hastings, Florida, all counties in which HBT has previously served and in which HBT has a customer or client."

Approximately one month after his termination from employment with HBT in July 1993, Smith started his own business, South Georgia Agri Supply, selling agricultural hardware and supplies out of his truck in the south Georgia area using HBT's marketing program and contacting customers to whom he had sold supplies while employed with HBT. On October 7, 1993, HBT filed the instant action to enforce the terms of the contract and enjoin Smith from violating its terms.

1. Smith initially asserts that the trial court erred in failing to use the proper standard in determining whether the prohibitions contained in the covenant not to compete were enforceable.[1] We disagree.

"While a contract in general restraint of trade or which tends to lessen competition is against public policy and is void (1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2), a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld 'if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the

---

[1] On appeal, all of Smith's enumerated errors address paragraph nine of the contract not to compete.

public.' [Cit.] Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court [cit.], which considers ' "the nature and extent of the trade or business, the situation of the parties, and all the other circumstances." (Cits.)' [Cit.] A three-element test of duration, territorial coverage, and scope of activity has evolved as a 'helpful tool' in examining the reasonableness of the particular factual setting to which it is applied. [Cits.]" *W. R. Grace & Co., Dearborn Div. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992).

In the case sub judice, in determining the reasonableness of the covenant at issue, the trial court used the three-element test, and found that the covenant was reasonable. Since the trial court properly considered the appropriate elements in reviewing the reasonableness of the covenant at issue, this enumeration is without merit.

2. Next, Smith maintains that the trial court erred in failing to declare the covenant null and void because the covenant prohibits him from competing "in any way" with HBT, and hence, is too broad. Although this court has held that a restriction of employment in a business "in any capacity" is overbroad and unreasonable, *Dunn v. Frank Miller Assoc.*, 237 Ga. 266, 268 (227 SE2d 243) (1976), this is not an "in any capacity" case. *Watson v. Waffle House*, 253 Ga. 671, 673 (324 SE2d 175) (1985).

The covenant at issue is narrowly tailored and limits Smith's activities in using HBT's marketing program or contacting customers furnished to him by HBT in a specific geographical area. Cf. *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636 (261 SE2d 572) (1979). Smith is not prohibited from competing in the area with potential customers whose names were not furnished to him while he was employed with HBT and is not prohibited in using a marketing program not provided to him by HBT. However, Smith is temporarily enjoined from using the information supplied to him by HBT in soliciting customers in a competing business in the geographical area.

In *Mouyal*, supra at 466, the Supreme Court recognized that restrictions relating to areas where a former employee did business on behalf of a former employer are enforceable as a legitimate protection of the employer's interest. "[T]he employer has a protectible interest in the customer relationships its former employee established and/or nurtured while employed by the employer [cit.], and is entitled to protect itself from the risk that a former employee might appropriate customers by taking unfair advantage of the contacts developed while working for the employer. [Cits.]" Id.

In the case sub judice, the prohibitions on Smith's activities are specifically limited and sufficiently inform Smith of the limits of his activities. While employed with HBT, Smith gained knowledge of HBT's marketing program and client list, both of which HBT had a

reasonable interest in protecting. *Watson*, supra. Smith's reliance on *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181 (236 SE2d 265) (1977), is misplaced inasmuch as the covenant therein prohibited Broniec from working in any capacity with a competitor and failed to specify with particularity the prohibited activity, unlike the covenant in the case at bar. Under these circumstances, we cannot say as a matter of law that the covenant was impermissibly broad.

Contrary to Smith's assertions, the trial court did not "blue pencil" that portion of the covenant prohibiting him from competing with HBT. The court did not find that the covenant was overbroad in protecting HBT's interest, and hence unreasonable, necessitating the application of the doctrine. More importantly, the blue pencil theory of severability is not applicable to covenants ancillary to employment contracts. *Roberts v. Tifton Medical Clinic*, 206 Ga. App. 612, 615 (426 SE2d 188) (1992).

3. Next, Smith maintains that the trial court erred in failing to declare the territorial restriction in the agreement unreasonable. We disagree.

"In construing a territorial restriction, we recognize that the reasonableness of the restriction is more dependent upon the facts and circumstances surrounding the case than on the geographic size of the territory. [Cits.]" *Mouyal*, supra at 465-466. In the present case, the territorial restriction is expressed both in geographic location and by describing a limited number of customers provided to Smith in the materials furnished to him by HBT. See id. This covenant provided Smith with adequate notice of the scope of the prohibitive conduct. See *Hart v. Marion A. Allen, Inc.*, 211 Ga. App. 431 (440 SE2d 26) (1993). Consequently, we cannot say as a matter of law that the territorial restriction was unreasonable for the protection of HBT's interests in maintaining its customer relationships.

4. Lastly, Smith argues that the trial court erred in determining that the five-year prohibition provided in the contract was reasonable. However, the five-year duration provided in the covenant is definite and not limitless. Cf. *ALW Marketing Corp. v. Hill*, 205 Ga. App. 194 (422 SE2d 9) (1992). More recently, in *Hart*, supra, we held that a three-year time limitation in a covenant ancillary to an employment contract was not unreasonable as a matter of law. Considering the specialized nature of HBT's business and the fact that the covenant is sufficiently limited to apprise Smith of the prohibited conduct, the five-year time period provided in the contract is not unreasonable in protecting HBT's business interest. Consequently, the trial court did not err in enjoining Smith from engaging in the prohibited conduct.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 3, 1994 —
RECONSIDERATION DENIED JUNE 16, 1994 —

*Herbert W. Benson, Jason K. Koffman,* for appellant.
*Mills & Chasteen, Robert W. Chasteen, Jr.,* for appellee.