## A96A2306. SYSCO FOOD SERVICES OF ATLANTA, INC.
### v. CHUPP et al.
(484 SE2d 323)

SMITH, Judge.

This appeal involves the construction of customer non-solicitation covenants executed by two former sales representatives for appellant Sysco Food Services and a non-competition and non-solicitation covenant executed by a former sales manager for Sysco. The trial court struck down all three agreements as overbroad and denied injunctive relief. Because the trial court's construction of the agreements was incorrect, we reverse.[1]

The facts relevant to our analysis are straightforward. Appellee Charles Don Chupp, a district sales manager and 13-year employee of Sysco, executed an employment contract with Sysco containing two agreements relevant here. The contract contains an "Agreement Not to Compete": "Employee covenants and agrees that during employment by the company and for a period of one year after termination of such employment for any reason, employee will not, without prior written consent of the company, directly or indirectly within the territory, (a) for himself, (b) as a consultant, manager, supervisor, employee or owner of a competing business, or (c) as an independent contractor for a competing business, engage in any business in which employee provides services which are the same or substantially similar to employee's duties for Sysco as described in this agreement and its incorporated exhibits."

Chupp's contract also contains an "Agreement Not To Solicit Customers": "Employee covenants and agrees that during his employment by the company and for a period of one (1) year following the termination of such employment for any reason, within the territory he will not, without the prior written consent of the company, either directly or indirectly, on his own behalf or in the service or on behalf of others, solicit or attempt to divert or appropriate to a competing business, any customer of the company having an office or place of business within the territory and to whom the company sold or provided any products [or] services and with whom the employee dealt on behalf of the company at any time during the 12 months immediately preceding termination of his employment hereunder. In no way does this paragraph purport to restrict the post-employment activities of employee outside the territory." "Competing business" and "territory" are separately defined. An attached page on Sysco's letterhead lists 11 north Georgia counties comprising "District 'L', Donny Chupp, District Manager."

---

[1] Although this action seeks injunctive relief, this Court rather than the Supreme Court has jurisdiction. See *Pittman v. Harbin Clinic &c. Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

In January 1996, Chupp resigned his position at Sysco and took a similar management position, covering much of the same region of north Georgia, with Sysco's competitor, Alliant Food Services, Inc. It appears undisputed that he immediately began soliciting Sysco customers.

Appellees Yearous and Phillips also executed employment agreements containing a non-solicitation covenant, but without a non-competition covenant. Phillips's contract contains the same non-solicitation covenant executed by Chupp. Yearous's contract contains language essentially the same as the non-solicitation covenant executed by Chupp and Phillips, but omitting any reference to "the territory."[2]

Shortly after Chupp's resignation, Yearous and Phillips simultaneously resigned their positions and immediately joined Chupp at Alliant.[3] Both immediately began soliciting many of their former Sysco customers. After Sysco complained in a letter to Alliant, Yearous and Phillips exchanged their accounts, so that Yearous called on Phillips's former Sysco customers while Phillips called on Yearous's former accounts. After Sysco lost a number of accounts to Chupp, Phillips, and Yearous, it filed this action seeking injunctive relief.

1. Unlike a contract in general restraint of trade, a restrictive covenant in an employment contract is considered only a partial restraint of trade and will be upheld if the restraint imposed is reasonable, founded upon valuable consideration, and reasonably necessary to protect the interest of the employer, so long as it does not unduly prejudice the public interest. The reasonability of a restrictive covenant is a question of law for the court, considering the nature and extent of the trade or business, the situation of the parties, and all other relevant circumstances. *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). "A three-element test of duration, territorial coverage, and scope of activity has evolved as a 'helpful tool' in examining the reasonableness of the particular factual setting to which it is applied. [Cits.]" Id.

Applying these guidelines, we first address the scope of Chupp's

---

[2] Yearous's non-solicitation covenant reads as follows: "Agreement Not To Solicit Customers. Employee covenants and agrees that during his employment by the company and for a period of one (1) year following the termination of such employment for any reason, he will not, without the prior written consent of the company, either directly or indirectly, on his own behalf or in the service or on behalf of others, solicit or attempt to divert or appropriate to a competing business, any customer of the company to whom the company sold or provided any products or services and with whom the employee dealt on behalf of the company at any time during the 12 months immediately preceding termination of his employment."

[3] Chupp was originally their supervisor at Alliant. After receiving a letter of complaint from Sysco, Alliant transferred Yearous and Phillips to another supervisor.

non-competition covenant. The trial court found that this covenant is properly limited in the scope of activities prohibited. We agree. See generally *Mouyal*, supra. It is also clear that a one-year time limitation after termination of employment is well within the duration permissible under Georgia law. See, e.g., *Smith v. HBT, Inc.*, 213 Ga. App. 560, 563 (4) (445 SE2d 315) (1994) (five years); *U3S Corp. v. Parker*, 202 Ga. App. 374, 378 (2) (b) (414 SE2d 513) (1991) (two years).

The trial court further concluded, however, that the territorial coverage of the agreement is overbroad due to changes in Chupp's management district between the time of execution of the non-competition covenant and his departure from Sysco. The original description of Chupp's territory inadvertently omitted one Alabama county that should have been included. By the time Chupp left Sysco in January 1996, his territory had also changed to the extent that after July 1994 he was no longer working in two of the eleven listed Georgia counties and was sharing another Georgia county with a second manager. It is undisputed, however, that Chupp in fact worked in all 11 counties listed during his tenure with Sysco.

The trial court incorrectly concluded that Chupp's non-competition covenant is overbroad. The goal of a non-competition covenant is to balance two competing rights: first, the employee's right to earn a living and his ability to determine with certainty the prohibited territory; second, the employer's interest in customer relationships created or furthered by its former employee on its behalf and its right to protect itself from the former employee's possible unfair appropriation of contacts developed while working for the employer. *Mouyal*, supra, 262 Ga. at 466. Under this analysis, an employer is permitted to include in such a covenant the territory in which the employee has in fact performed work, thus protecting itself from the unfair appropriation of good will and information acquired in the course of that work. Id.; *Howard Shultz & Assoc. v. Broniec*, 239 Ga. 181, 183 (1) (236 SE2d 265) (1977). The fact that Chupp's territory had not included two of the counties listed for approximately 18 months does not, of itself, render the agreement void for overbreadth.

As the covenant stands, its description of Chupp's territory is more narrow than the territory in which Chupp actually worked for Sysco. The law does not require exact precision; it forbids unreasonably broad territorial coverage. The territorial restrictions in Chupp's agreement, while not precisely congruent with Chupp's territory at the time of his resignation, are reasonable because they include only territory in which he actually performed work for Sysco, and thus enabled Chupp to determine with certainty the territory included in the covenant. This is the reverse of the typically overbroad covenant describing a large territory with no indication that an employee ever

performed work there. See, e.g., *Broniec*, supra (six states constituting employer's territory).

Adopting the principle urged by appellees would create the inconsistent result of voiding a non-competition covenant for overbreadth if it does *not* include a territorial limitation, but also voiding it for overbreadth if it *does* include a limitation that is not correct to the letter. Such a ruling would require employers to redraft such agreements whenever any change, however minor, was made in an employee's territory, or risk voiding the agreement altogether. It also does not recognize that good will and contacts are not instantly extinguished when an employee's territory changes. Under such a ruling, an employee could request a transfer, obtain an amended agreement including only the new territory, then resign to immediately employ his good will and contacts in the territory no longer covered by the agreement.[4]

Our conclusion that the entire covenant does not fail for overbreadth, however, does not permit Sysco to avoid the clear statement in its agreement that a change in territory will not be effective until the territorial limitation in the agreement is amended. We find no merit in Sysco's assertion that the change in the territorial limitation, despite its clear wording, may be expanded to include counties not included in the agreement. As noted above, while a non-competition covenant *may* legitimately include all territory in which the employee has actually worked, this covenant does not; it expressly applies only to those counties listed by name. By the clear terms of the employment contract itself, Sysco cannot seek to enforce Chupp's non-competition agreement with respect to territory not included in the covenant as drafted. As the trial court correctly observed, we cannot "blue pencil" or edit a restrictive covenant ancillary to an employment contract; once found to be reasonable in scope, it must be enforced as drafted.[5] *Smith v. HBT, Inc.*, supra, 213 Ga. App. at 563 (2). This contract therefore is not enforceable in counties not listed in the covenant, even though Chupp may have worked for Sysco in those counties.

2. The trial court also struck down the non-solicitation covenants executed by all three appellees because it found overbroad the language forbidding solicitation "directly or indirectly." This phrase has

---

[4] We do not reach the issue of how long an employer's interest in such good will may survive, beyond the 18 month period at issue here.

[5] The trial court apparently concluded that Sysco's attempts to place an overly broad interpretation on the scope of the covenants constituted in some manner an admission that the covenants are, in fact, overbroad. Assuming without deciding that statements of counsel can constitute an admission, a mere statement of opinion as to the legal effect of a document is not a binding admission, because interpretation of a contract is a question of law for the court. See *Thogerson v. State*, 224 Ga. App. 76, n. 1 (479 SE2d 463) (1996).

been repeatedly construed by the Georgia courts, however, and has been held to be both unambiguous and enforceable. See, e.g., *Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (455 SE2d 601) (1995), and cases cited therein. An "indirect" solicitation occurs when the former employee undertakes "some affirmative action on his part that could be considered a solicitation in the broadest possible sense. [Cit.]" Id. The trial court incorrectly concluded that this language is overbroad because it could be construed to forbid any former salesperson for Sysco from ever soliciting any customer any other Sysco employee had ever contacted. On the contrary, the plain language of the covenant and the affirmative conduct rule noted in *Akron* require that the salesperson in question must actively participate in the indirect solicitation of his *own* former account.

From the facts presently before us, it appears that Yearous and Phillips left Sysco together, called on their former Sysco accounts personally for several weeks, then exchanged their accounts after Sysco called their non-solicitation covenants to Alliant's notice. By personally calling on their former accounts before agreeing to trade customer lists with each other, Yearous and Phillips employed the contacts, knowledge, and good will that Sysco was entitled to protect to further their interests at Alliant. Under these facts, the concerted nature of this joint conduct constituted an indirect solicitation as forbidden by the covenant.[6]

Any error or omission in a territorial restriction, or even its complete absence, is not determinative under these facts. The Supreme Court of Georgia has expressly held that no territorial restriction is needed when a non-solicitation covenant simply prohibits a former employee from soliciting the same customers he contacted during his tenure with the employer. *Mouyal*, supra, 262 Ga. at 468. Perhaps significantly, the amendment of Sysco's non-solicitation covenant to omit the territorial restriction occurred after the *Mouyal* decision was handed down.

The non-competition and non-solicitation agreements executed by appellees here satisfy as a matter of law the limitations established by the Georgia courts, and the trial court erred in striking them down.

*Judgment reversed. Andrews, C. J., and Senior Appellate Judge Harold R. Banke concur.*

---

[6] Under the trial court's ruling, nothing would prevent Yearous and Phillips from resuming their former accounts.

DECIDED MARCH 18, 1997.

*Jones, Byington, Durham & Payne, Frank H. Jones, Arnall, Golden & Gregory, Debra M. Buster*, for appellant.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. J. Webb*, for appellees.