## A98A0973. AUGUSTA EYE CENTER, P.C. v. DUPLESSIE.

(506 SE2d 242)

Judge Harold R. Banke.

Augusta Eye Center, P.C. ("AEC") and Michael D. Duplessie, M.D., a former employee, dispute the enforceability of certain provisions in an employment contract entered between them. AEC appeals the denial of its motion for injunctive relief.

Duplessie, an ophthalmologist then residing in Florida, and AEC executed an employment agreement in May 1996.[1] Under the explicit terms of this contract, Duplessie agreed not to work in certain delineated capacities in ten specified counties, five in Georgia and five in South Carolina for a one-year post-employment period. A "NON-COMPETE AND NON-DISCLOSURE COVENANT" provides in pertinent part: "During the term of Employee's employment with AEC, and for a period of one (1) year thereafter, Employee covenants and agrees as follows: (a) Employee shall not, without the prior written consent of AEC, either directly or indirectly, on his own behalf or in the service of or on behalf of others, render medical treatment or perform surgery in the field of ophthalmology or ophthalmologic surgery as an employee, partner, officer, executive, managerial employee, director, or shareholder of any entity which competes with AEC in the field of ophthalmology or ophthalmologic surgery. This covenant not to compete shall apply to the counties of Richmond, Burke, Lincoln, McDuffie and Columbia, in the State of Georgia, and the counties of Aiken, Edgefield, Allendale, Barnwell and McCormick in the State of South Carolina (the 'Area')."

According to subsection (b): "Employee agrees that during the period of twelve (12) months following termination of his employment with AEC, Employee shall not, on his own behalf or on behalf of any person [or entity] solicit, contact, call upon, communicate with or attempt to communicate with any patient of AEC or any representative of any patient or prospect to the Corporation, with the intent of providing any medical service provided by AEC during the period of two (2) years immediately preceding termination of Employee's employment with AEC. Provided that the restriction set forth in this *subparagraph (b) shall only apply to patients or prospects of AEC or representative(s) of patients or prospects of AEC with which Employee had material contact during such two year period.*" (Emphasis supplied.) "A 'Material Contact' as that term is used herein, exits [sic] between Employee and each patient or potential patient of Corporation *if interaction took place between them in an effort to further a business relationship with the Corporation.*" (Emphasis supplied.)

---

[1] Terms included a $150,000 salary, five weeks vacation and sick leave, $4,000 for travel and moving expenses, incentive bonuses, a buy-in option, and other benefits.

Before AEC retained Duplessie, AEC had only one physician licensed to practice ophthalmology. While employed by AEC, Duplessie treated patients from each of the ten listed counties, especially patients from Richmond and Aiken counties. Notwithstanding the contractual restrictions, after Duplessie's employment with AEC ceased in August 1997, Duplessie began working for Dr. Stephen K. VanDerVliet at Carolina Eye Physicians in Aiken County, South Carolina, and at Augusta Surgery Center and America's Best Contacts & Eyeglasses in Richmond County, Georgia. Since both of these counties were among the proscribed counties, AEC sought damages, injunctive relief, and attorney fees for Duplessie's violation of the express terms of the employment contract. Finding the non-compete covenant was overbroad and unreasonable as to the scope of permissible employment and as to the affected territory, the trial court deemed it unenforceable and denied injunctive relief to AEC. *Held*:

AEC contends that the trial court erred in denying temporary injunctive relief. We agree.

The rule that the grant or denial of an interlocutory injunction rests in the sound legal discretion of the trial court has no application when the question, as here, is one of law. *Lesesne v. Mast Property Mgmt.*, 251 Ga. 550, 551 (307 SE2d 661) (1983); *Delli-Gatti v. Mansfield*, 223 Ga. App. 76, 77 (1) (477 SE2d 134) (1996) (reasonableness of restraint imposed by employment covenant is a question of law). Therefore, we owe no deference to the trial court's conclusions of law. *City of McDonough v. Tusk Partners*, 268 Ga. 693, 697 (492 SE2d 206) (1997).

In determining the legality of a restrictive covenant, a court may consider the nature and extent of the business, the situation of the parties and all other relevant circumstances. *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). A three-element test of duration, territorial coverage, and scope of prohibited activity has evolved as a useful analytical framework for examining the reasonableness of the restrictions as applied to a particular situation. *Sysco Food Svcs. &c. v. Chupp*, 225 Ga. App. 584, 585 (1) (484 SE2d 323) (1997).

Applying these guidelines, we find that the one-year duration of the non-competition clause is well within the time frame permitted by law. *Smith v. HBT, Inc.*, 213 Ga. App. 560, 563 (4) (445 SE2d 315) (1994). See *Pittman v. Harbin Clinic Professional Assn.*, 210 Ga. App. 767, 769 (1) (437 SE2d 619) (1993).

The territorial restriction was limited to ten specified counties, which were fully identified and fully disclosed to Duplessie at the time he signed the contract. Compare *Osta v. Moran*, 208 Ga. App. 544, 546-547 (2) (430 SE2d 837) (1993) (geographic limitation placed upon doctor too potentially restrictive because locations of clinics

were subject to change). AEC's evidence showed that it actively advertised and solicited business in each of the ten counties and that Duplessie treated patients from all ten counties. In these circumstances, the territorial limitation is not unduly excessive. See *Pittman*, 210 Ga. App. at 769 (1).

Finally, we find that the scope of prohibited activities was not overbroad. A non-competition agreement must balance an employee's right to earn a living without unreasonable restrictions, and an employer's right to protection from the former employee's possible unfair appropriation of contacts developed while working for the employer. *Chupp*, 225 Ga. App. at 586 (1). An "employer has a protectible interest in the customer relationships its former employee established and/or nurtured while employed by the employer [cit.] and is entitled to protect itself from the risk that the former employee might appropriate customers by taking unfair advantage of the contacts developed while working for the employer." *Mouyal*, 262 Ga. at 466.

Here, the agreement did not restrict Duplessie from working for any competitor in any capacity, notwithstanding Duplessie's contention to the contrary. Subsection (a) precluded Duplessie from rendering ophthalmological treatment or surgery in the ten counties where he had actually worked only if, in so doing, he competed with AEC. The agreement did not prohibit Duplessie from practicing medicine or from practicing ophthalmology outside those ten counties.[2] See *Saxton v. Coastal Dialysis &c.*, 220 Ga. App. 805, 808 (3) (470 SE2d 252) (1996). Compare *Delli-Gatti*, 223 Ga. App. at 77 (covenant foreclosed physician from the practice of pediatric services or other medical care as a physician within Upson County). Plainly, this is not an "any capacity" case. *Smith v. HBT*, 213 Ga. App. at 562 (2). See *McAlpin v. Coweta Fayette Surgical Assoc.*, 217 Ga. App. 669, 674 (2) (458 SE2d 499) (1995) (upholding non-competition clause which restricted surgeon from practice of medicine or surgery for two-year period within ten specified counties). Accord *Chaichimansour v. Pets Are People Too*, 226 Ga. App. 69, 71 (1) (485 SE2d 248) (1997).

Notwithstanding Duplessie's contradictory claim, the non-solicitation clause applied only to patients or prospective patients with whom Duplessie had "material contact," defined to mean actual interaction undertaken to attempt to further a business relationship with AEC. See *Mouyal*, 262 Ga. at 466 (2).

---

[2] In an interrogatory response, Duplessie stated that he had furnished ophthalmic care at the Richland County, South Carolina location of America's Best Contacts & Eyeglasses. Duplessie also disclosed that he applied for hospital privileges at Self Memorial Hospital in Greenwood, South Carolina. Greenwood is located in Greenwood County. Neither county appears on the restricted list.

Moreover, although Duplessie argues that the non-compete clause to which he consented at the outset imposed a greater restriction upon his right to earn a living than was necessary, he failed to support this assertion with admissible evidence. Compare *Puritan/ Churchill Chem. Co. v. Eubank*, 245 Ga. 334, 335 (265 SE2d 16) (1980) (scope of post-employment restrictions was grossly disproportionate to nature of salesman's job with company). After considering the nature of the medical business at issue here, the situation of the parties, and after applying the three-element framework, we cannot agree that the terms of the non-compete covenant rendered the contract unenforceable as a matter of law. *Mouyal*, 262 Ga. 'at 465 (1).

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 3, 1998 — 

*Jay M. Sawilowsky*, for appellant.

*Hull, Towill, Norman & Barrett, Patrick J. Rice, David E. Hudson*, for appellee.