## A98A1011. BRUNSWICK FLOORS, INC. v. GUEST.
### (506 SE2d 670)

RUFFIN, Judge.

Brunswick Floors petitioned the trial court for an injunction against its former employee, Brian Guest, pursuant to a covenant not to compete. The trial court granted Brunswick Floors' petition for a temporary restraining order as to the undisputed provisions preventing the solicitation and disclosure of Brunswick's customers. However, the trial court denied Brunswick Floors' request to enforce a provision which prohibited Guest from working as a floor covering installer in an eighty-mile radius of Brunswick for two years, holding that the restraint on the scope of activity unduly restricted Guest's right to earn a living. Brunswick Floors appealed this latter ruling, and for reasons which follow, we affirm.

The review of the evidence in this case is de novo. *Dept. of Human Resources v. Northeast Ga. Primary Care,* 228 Ga. App. 130, 132 (1) (491 SE2d 201) (1997).

The record shows that Brunswick Floors, a retail floor covering business, employed Guest as a floor covering installer. On September 14, 1995, after approximately five years of employment, Guest signed a covenant not to compete. The covenant prohibited Guest for two years from termination of employment from (1) "engag[ing] in the floor covering installation, or in floor covering services, directly or indirectly, as an individual, partner, adviser, stockholder, director, officer, clerk, principal, agent or employee, within an eighty (80) mile radius from Employer's location at 3550 Darien Highway, Brunswick, Georgia, 31520"; (2) soliciting business in the floor covering business from any customer or providing floor covering services to any customers who have dealt with Brunswick Floors; and (3) disclosing customer lists, records, statistics, or other information acquired by Guest and from aiding or being a party to any acts which would tend to divert, diminish, or prejudice the good will or business of Brunswick Floors.

After Guest signed the covenant, Brunswick Floors sent him to Kansas City for training in advanced carpet installation. Brunswick

Floors paid the cost of lodging, airfare, and training, and $150 spending money. They also sent Guest to Atlanta for a certification course in floor installation, again bearing the costs of lodging and registration.

Guest terminated his employment with Brunswick Floors in May 1997. That same year, he installed carpet for a company in Savannah, Georgia, for approximately one month. Thereafter, Guest installed carpet as an independent contractor for two other flooring companies in Brunswick, Georgia.

Brunswick Floors filed the underlying action to enjoin Guest based on Guest's breach of the covenant not to compete. Guest responded that the covenant was invalid. The trial court, after conducting an evidentiary hearing, granted an injunction for the nonsolicitation and nondisclosure restrictions, but refused to enjoin Guest from "working for another employer as a carpet layer within an 80 mile radius of Brunswick." In upholding the provision not to solicit customers and the provision forbidding the disclosure of customer names, the court held that the provisions were sufficient to protect Brunswick Floors from any competitive disadvantage.

In this appeal, Brunswick Floors asserts that the restriction forbidding Guest from installing carpets for two years in an eighty-mile radius is valid and the trial court erred in denying the injunction. "While a contract in general restraint of trade or which tends to lessen competition is against public policy and is void (1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2), a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public. Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court, which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied." (Citations and punctuation omitted.) *W. R. Grace & Co., Dearborn Div. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). Applying this three-element test to the agreement before us, we find the covenant is overbroad with regard to its territorial coverage and scope of activity restrictions.

In evaluating whether the territorial coverage restriction is overbroad, we acknowledge that the "goal of a non-competition covenant is to balance two competing rights: first, the employee's right to earn a living and his ability to determine with certainty the prohibited

territory; second, the employer's interest in customer relationships created or furthered by its former employee on its behalf and its right to protect itself from the former employee's possible unfair appropriation of contacts developed while working for the employer. [Cit.] Under this analysis, an employer is permitted to include in such a covenant the territory in which the employee has in fact performed work, thus protecting itself from the unfair appropriation of good will and information acquired in the course of that work. [Cits.]" *Sysco Food Svcs. of Atlanta v. Chupp,* 225 Ga. App. 584, 586 (1) (484 SE2d 323) (1997). In contrast, "[a] restriction relating to the area in which the employer does business is generally unenforceable due to overbreadth, unless the employer can show a legitimate business interest that will be protected by such an expansive geographic description. [Cits.]" *W. R. Grace & Co.,* supra at 466.

In this case, the covenant restricts Guest from working within an 80-mile radius of Brunswick Floors' location in Brunswick. Guest testified at the evidentiary hearing that he performed work for Brunswick Floors as a carpet installer in Jacksonville, Florida, and had performed other jobs outside Glynn County, Georgia. Robert Blake, corporate executive officer and president of Brunswick Floors, testified that the company performed work in markets from Savannah, Georgia, to Jacksonville, Florida. Further, Blake testified that Brunswick Floors maintained store locations in St. Simons Island, and Kingsland in Camden County, Georgia. There was no testimony presented that Guest worked in the entire 80-mile radius of the company's Brunswick store location. The 80-mile radius relates to the area in which the employer, Brunswick Floors, and not the employee, Guest, did business. Consequently, unless Brunswick Floors can show a legitimate business interest for the restriction, the covenant is overbroad. *W. R. Grace & Co.,* supra.

Blake testified that "if our employees start . . . doing business, working for our competitors, then certainly our market share would face, you know, diminishing status." Avoidance of competition, however, is not a legitimate business interest. *Osta v. Moran,* 208 Ga. App. 544, 547 (2) (430 SE2d 837) (1993).

Brunswick Floors contends the training and money expended on Guest legitimizes their interest. "In determining the legitimacy of the interest the employer seeks to protect, the court will take into account the employer's time and monetary investment in the employee's skills and development of his craft." *Beckman v. Cox Broadcasting Corp.,* 250 Ga. 127, 130 (1) (296 SE2d 566) (1982). However, in the cases Brunswick Floors cites, the employers spent large sums of money, and the employees received extensive training. This factor, among others, outweighed the minimal harm imposed by the restrictions. Id. (television personality-employee prohibited from

appearing "on air" for six months after television station-employer spent large sums in promoting his image); see also *Barry v. Stanco Communications Products*, 243 Ga. 68 (252 SE2d 491) (1979) (statewide territorial restriction upheld because employee worked statewide and employer had expended large sums of money in training). Here, Guest's minimal training does not outweigh the substantial harm imposed by prohibiting him from installing carpet in an 80-mile radius. Thus, we find this to be an overbroad territorial limitation.

We also find the scope of activity prohibited in the non-compete provision is overbroad. The covenant provides that Guest may not "engage in the floor covering installation, or in floor covering services, directly or indirectly, as an individual, partner, adviser, stockholder, director, officer, clerk, principal, agent or employee. . . ." "This imposes a greater limitation on the employee than is necessary because [Guest] is prohibited from being an officer or director or owning stock in other companies, activities which are very different from [his] work as a [floor covering installer]. As a result, this restriction is broader than necessary to protect the employer. [Cits.]" *Harville v. Gunter*, 230 Ga. App. 198, 200 (2) (495 SE2d 862) (1998).

Accordingly, we affirm the trial court's refusal to enjoin Guest "from working for another employer as a carpet layer within an 80 mile radius of Brunswick."

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 10, 1998.

*James D. Benefield III*, for appellant.
*Robert H. Baer*, for appellee.